UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Nancy Jane Gardner,  Case No. 15-40823-PJS
 Chapter 7
 Debtor. Hon. Phillip J. Shefferly
_____/

Nancy Jane Gardner,
 Plaintiff,
v.  Adv. Pro. No. 15-04338

Federal National Mortgage Association,
State of Michigan Attorney General
Noel Ravenscroft,
United States Attorney General and
Potestivo and Associates, P.C.,
 Defendants.
_____

ORDER GRANTING DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S,
NOEL RAVENSCROFT'S AND POTESTIVO & ASSOCIATES, P.C.'S MOTION TO DISMISS

On January 23, 2015, the Plaintiff filed a Chapter 7 petition for relief. She received a discharge in her case on April 28, 2015. On April 9, 2015, the Plaintiff filed this adversary complaint against five defendants, including the Federal National Mortgage Association ("Fannie Mae"), Noel Ravenscroft and Potestivo and Associates, P.C. (collectively, the "Defendants"). The Plaintiff is representing herself both in her Chapter 7 case and in this adversary proceeding. The complaint is, stated mildly, difficult to comprehend. What is clear is that the Plaintiff seeks some form of declaratory relief regarding a note and mortgage on property in Burtchville, Michigan, and to protect the Plaintiff's alleged interest in that property. The alleged basis for jurisdiction is that the Defendants "are born out of the United States or the State of Michigan, and are acting as authorized agents of the United States or the State of Michigan," the Defendants are doing business

in Michigan, and the matter involves a note and mortgage executed in Michigan.

The Defendants filed a motion to dismiss (ECF no. 22), asking that the complaint be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In her objection and corrected objection to the motion, the Plaintiff states that she has a right to have her rights and duties declared in her controversy with Fannie Mae.

The Court has determined not to set this motion to dismiss for hearing, as oral argument will not advance the decision making process. The Court has further determined to grant the Defendants' motion to dismiss for the following reasons.

Congress' grant, under 28 U.S.C. §§ 157 and 1334, of subject matter jurisdiction to bankruptcy courts is very limited in scope. The Court has already ruled that the Plaintiff has no interest in the Burtchville property. The Plaintiff's complaint alleges no cognizable basis for this Court's subject matter jurisdiction as to any claims against the Defendants. The complaint does not arise in or under a case under Title 11, and it is not related to a case under Title 11. Accordingly, the Court grants the Defendants' motion under Rule 12(b)(1).

In the alternative, the Plaintiff's complaint essentially seeks appellate review after losing in prior lawsuits by and against the Defendants in both state and federal courts, commenced and decided pre-petition. "[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283-84 (2005). The U.S. Supreme Court has "declared such suits out of bounds, *i.e.*, properly dismissed for want of subject-matter jurisdiction." Id. (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413,

416 (1923)).

Even if this Court had subject matter jurisdiction, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." Twombly, 550 U.S. at 546. Here, the Plaintiff's complaint is devoid of any factual matter stating a claim to relief against the Defendants that is plausible on its face. The Defendants are entitled to dismissal under the alternate grounds of Rule 12(b)(6).[1] Accordingly,

IT IS HEREBY ORDERED that the Defendants' motion to dismiss (ECF no. 22) is GRANTED.

.

**Signed on June 26, 2015**

           **    /s/ Phillip J. Shefferly    **
           **Phillip J. Shefferly**
           **United States Bankruptcy Judge**

---

[1] The Defendants have raised other grounds for dismissal, which the Court finds unnecessary to address.